IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| LATESHIA WILLIAMS, | ) | |
| PLAINTIFF, | ) | CASE NO.: |
| V. | ) | |
| MOBILE COUNTY PUBLIC | ) | PLAINTIFF DEMANDS TRIAL |
| SCHOOL SYSTEM | ) | BY STRUCK JURY |
| DEFENDANT(S). | ) | |

COMPLAINT

## JURISDICTION

1.    This action for injunctive relief and damages is brought under 28 U.S.C. §§ 1331, 1343(4), 2201, 2202. The jurisdiction of this Court is invoked to secure protection for and to redress the deprivation of rights caused by the Defendant.

2.    This suit is authorized and instituted under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, the "Civil Rights Act of 1991;" 42 U.S.C. § 2000e, et seq. ("Title VII").

3.    This suit is authorized and instituted under 42 U.S.C. § 1981. This is a suit authorized and instituted under "Section 1981."

4.    Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days of the last discriminatory act (Exhibit A). Plaintiff further sued within ninety (90) days after receipt of the right-to-sue letter issued by the EEOC (Exhibit B).

## PARTIES

5.      Plaintiff, LaTeshia Williams, ("Plaintiff" or "Williams") is a resident of Eight Mile, Alabama, and performed work for the Defendant in Mobile County, Alabama, during the events of this case. Thus, under 28 U.S.C. § 1391(b), venue for this action lies in the Southern District of Alabama, Southern Division.

6.      Defendant Mobile County Public School Sysytem ("Defendant") is a public entity doing business in the State of Alabama and has sufficient minimum contacts with the State of Alabama that it is subject to service of process in Alabama.

7.      Defendant's principal address is 1 Magnum Pass, Mobile, Alabama 36618.

8.      Defendant employed at least two hundred fifty (250) or more persons.

## FACTS

9.      Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

10.     Ms. Williams is a person of African ancestry, the race colloquially referred to as "Black."

11.     Ms. Williams was hired into the Mobile County Public School System in July 2018.

12.     Ms. Williams began working as a Bookkeeper for George Hall Elementary School in November 2021.

13.    Ms. Williams reported to Principal Melissa Mitchell until she resigned in August 2024.

14.    From November 2021 to August 2024, Ms. Williams received great reviews throughout the school years and performed exceedingly well in her yearly performance reviews overall.

15.    In August 2024, Tiffany Friday ("Tiffany" or "Friday"), a Caucasian woman, was promoted to Interim Principal of George Hall Elementary School.

16.    At all times prior to Tiffany becoming Interim Principal, Ms. Williams performed her job duties as Bookkeeper in a satisfactory or better manner and had not been disciplined or counseled for insubordination or poor performance.

17.    On or about September 20, 2024, while at work with Tiffany, Tiffany said to Ms. Williams, "You do not know how to do your job. I don't want you as a bookkeeper; I want a White bookkeeper," and walked away.

18.    Principal Supervisor Tim Dollar ("Tim Dollar" or "Dollar"), a Caucasian man, was on the school's campus the same day that Tiffany made the discriminatory statement to Ms. Williams.

19.    Ms. Williams reported the discriminatory statement to Tim Dollar, and he responded, "I don't think she meant it that way."

20.    There was no follow-up on Ms. Williams's complaint from Tim Dollar.

21. Ms. Williams also reported the discriminatory statement to Assistant Local School Accounting Supervisor Velma Gamble.

22. On or about October 23, 2024, Tiffany Miller was officially named the Principal of George Hall Elementary School.

23. On or about December 18, 2024, Ms. Williams was meeting with the Title I Supervisor, Mrs. Dawson, and Tiffany.

24. During the meeting, Tiffany wanted a running tally of all funds paid out, which Ms. Williams told her was not within policy, but that Ms. Williams could provide her with other options.

25. Throughout the meeting, Tiffany claimed Ms. Williams did not know how to do her job and repeatedly questioned Ms. Williams's job skills, even though Tiffany has never performed Ms. Williams's role.

26. Right after Mrs. Dawson left the meeting, Tiffany stated again, "I need a White bookkeeper."

27. Tiffany then went to Marzetta Daniels ("Marzetta"), Ms. Williams's supervisor, to report Ms. Williams.

28. Marzetta Daniels never wrote Ms. Williams up or had any issues with Ms. Williams's work.

29. After the December 18, 2024, meeting, Tiffany continued to state that Ms. Williams was not qualified for her position.

30. On or about February 12, 2025, Tiffany gave Ms. Williams a list of things she wanted Ms. Williams to do.

31. Ms. Williams completed the list, but Tiffany then said Ms. Williams did not complete the tasks correctly.

32. Tiffany told Ms. Williams she needed to correct the work but that Tiffany did not want to have a face-to-face conversation or any conversation about the tasks.

33. Tiffany did not read Ms. Williams's emails about completing the tasks but claimed that Ms. Williams never responded.

34. On or about February 13, 2025, Defendant placed Ms. Williams on administrative leave for insubordination. Tiffany claimed Ms. Williams was not doing the work she had assigned to Ms. Williams.

35. On or about February 24, 2025, Defendant terminated Ms. Williams's employment without a hearing.

36. Following Ms. Williams's termination, Tiffany hired a Caucasian woman to fill Ms. Williams's role as Bookkeeper.

37. Defendant subjected Ms. Williams to the foregoing treatment, including administrative leave and termination, because of her race.

38.     But for Ms. Williams's race, Defendant would not have subjected Ms. Williams to the foregoing treatment, placed her on administrative leave, or terminated her employment.

**COUNT I – TITLE VII – RACE DISCRIMINATION – DISCHARGE**

39.     Ms. Williams incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

40.     Ms. Williams is a person of African ancestry, the race colloquially referred to as "Black."

41.     Ms. Williams was qualified for the position of Bookkeeper at George Hall Elementary School.

42.     From November 2021 to August 2024, Ms. Williams received great reviews throughout the school years and performed exceedingly well in her yearly performance reviews under Principal Melissa Mitchell.

43.     On or about February 24, 2025, Defendant terminated Ms. Williams's employment without a hearing.

44.     Tiffany Miller, who was substantially involved in the termination decision, on or about September 20, 2024, stated to Ms. Williams, "I don't want you as a bookkeeper; I want a White bookkeeper." On or about December 18, 2024, Tiffany again stated, "I need a White bookkeeper."

45.     Following Ms. Williams's termination, Tiffany hired a Caucasian woman, to fill Ms. Williams's role as Bookkeeper.

46.     Ms. Williams's race was a motivating factor in Defendant's decision to terminate Ms. Williams's employment.

47.     Defendant's actions in terminating Ms. Williams's employment violated Title VII.

48.     Defendant's proffered reason for terminating Ms. Williams, alleged insubordination or failure to perform an assigned task, was false and/or not the true reason for her termination and is pretext for race discrimination.

49.     Because of Defendant's violation of Title VII, Ms. Williams has been damaged, suffering loss of pay, benefits, and mental anguish.

**COUNT II – TITLE VII – RETALIATION**

50.     Ms. Williams incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

51.     Ms. Williams was qualified for the position of Bookkeeper and able to perform the essential functions of her job.

52.     On or about September 20, 2024, Ms. Williams engaged in protected activity when she reported Tiffany Miller's racially discriminatory statement to Principal Supervisor Tim Dollar and to Assistant Local School Accounting Supervisor Velma Gamble.

53.    Tim Dollar received Ms. Williams's complaint regarding the discriminatory statement and dismissed it without follow-up, stating, "I don't think she meant it that way."

54.    Following Ms. Williams's complaint, Tiffany Miller continued to harass Ms. Williams, questioned her job skills, placed Ms. Williams on administrative leave on or about February 13, 2025, and the Defendant ultimately terminated Ms. Williams's employment on or about February 24, 2025, without a hearing.

55.    But for Ms. Williams's protected activity, Defendant would have retained Ms. Williams in her position as Bookkeeper.

56.    Defendant violated Title VII by terminating Ms. Williams for engaging in protected activity.

57.    The close temporal proximity between Ms. Williams's protected complaints in September 2024 and Defendant's decision to place her on administrative leave in February 2025 and terminate her on or about February 24, 2025, supports a causal connection between her protected activity and the adverse actions.

58.    LaTeshia-Williams-Final-Complaint.docx

59.    Because of Defendant's violation of Title VII, Ms. Williams has been damaged, suffering loss of pay, benefits, and mental anguish.

**COUNT III – 42 U.S.C. § 1981 – DISCHARGE**

60.    Ms. Williams incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

61.    Ms. Williams is a person of African ancestry, the race colloquially referred to as "Black."

62.    Ms. Williams was qualified for the position of Bookkeeper at George Hall Elementary School.

63.    On or about February 24, 2025, Defendant terminated Ms. Williams's employment without a hearing.

64.    Tiffany Miller, who was substantially involved in the termination decision, on or about September 20, 2024, stated to Ms. Williams, "I don't want you as a bookkeeper; I want a White bookkeeper," and on or about December 18, 2024, again stated, "I need a White bookkeeper."

65.    Following Ms. Williams's termination, Tiffany hired, a Caucasian woman, to fill Ms. Williams's role as Bookkeeper.

66.    Defendant's decision to terminate Ms. Williams's employment was made, in whole or in part, because of her race in violation of 42 U.S.C. § 1981.

67.    Because of Defendant's discriminatory decision made in whole or in part because of her race and in violation of 42 U.S.C. § 1981, Ms. Williams has been damaged, suffering loss of pay, benefits, and mental anguish.

## COUNT IV – 42 U.S.C. § 1981 – RETALIATION

68. Ms. Williams incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

69. Ms. Williams was qualified for the position of Bookkeeper and able to perform the essential functions of her job.

70. On or about September 20, 2024, Ms. Williams engaged in protected activity when she reported Tiffany Miller's racially discriminatory statement to Principal Supervisor Tim Dollar and to Assistant Local School Accounting Supervisor Velma Gamble.

71. Tim Dollar received Ms. Williams's complaint and dismissed it without follow-up.

72. Following Ms. Williams's complaint, Tiffany Miller continued to harass Ms. Williams, questioned her job skills, placed Ms. Williams on administrative leave on or about February 13, 2025, and the Defendant ultimately terminated Ms. Williams's employment on or about February 24, 2025, without a hearing.

73. Ms. Williams's protected activity was a motivating factor in Defendant's decision not to retain Ms. Williams in the position of Bookkeeper.

74. Defendant violated 42 U.S.C. § 1981 by terminating Ms. Williams in whole or in part for engaging in protected activity.

75.     Because of Defendant's violation of 42 U.S.C. § 1981, Ms. Williams has been damaged, suffering loss of pay, benefits, and mental anguish.

## PRAYER FOR RELIEF

WHEREFORE, Ms. Williams respectfully prays for the following relief:

A.      Grant Ms. Williams a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting with the Defendant and at the Defendant's request from continuing to violate the terms of Title VII of the Civil Rights Act of 1964;

B.      Grant Ms. Williams a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting with the Defendant and at the Defendant's request from continuing to violate the terms of Section 1981;

C.      Enter an Order requiring the Defendant to make Ms. Williams whole by awarding reinstatement to the position she would have had, had she not been terminated;

D.      Award back pay, with employment benefits, front pay, liquidated damages; compensatory damages, special damages; punitive damages nominal damages;

E.      Attorneys' fees and costs;

F.      Ms. Williams requests that the Court award Ms. Williams equitable relief as provided by law; and,

G.    Any different or additional relief as determined by the Court to which

Ms. Williams is entitled.

**JURY TRIAL DEMANDED**

                                        */s/Porcha Anthony Davis*
                                        Porcha Anthony Davis

**OF COUNSEL:**

OF COUNSEL:
The Workers' Firm LLC
2 20th St. North Suite 900
Birmingham, AL 35203
T: 205.564.9005 F: 205.564.9006

**PLEASE SERVE DEFENDANT AS FOLLOWS**

Mobile County Public School System
P.O. Box 180069
Mobile, AL 36618